IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

QUAZI MOHAMMAD REZWANUL AHSAN NAFIS
MOVANT

V.

UNITED STATES OF AMERICA
PLAINTIFF

[ CRIMINAL DOCKET No.12-720(CBA)
[ CIVIL DOCKET No.18-2951(CBA)
[
[
[
[ FILED
[ IN CLERK'S OFFICE
[ US DISTRICT COURT E.D.N.Y.
[
[ ★ SEP 04 2018 ★
[
[ BROOKLYN OFFICE

**RECEIVED**
SEP 04 2018
**PRO SE OFFICE**

<u>PETITIONER'S REPLY,TRAVERSE,AND/OR MEMORANDA OF LAW TO 28 USC 2255</u>

In the Goverment's respons to "Nafis' 28 U.S.C. 2255, the goverment

position is that Nafis' petition is untimely and procedurally barred.

On April 17 2018 The Supreme Court of The United States decided <u>Sessions</u>

<u>v. Dimaya</u>, stating that the Immigration and Nationality Act(INA) virt-

ually guarantees that any alien convicted of an "aggravated felony"

after entering the United States will be deported.<u>See</u> 8 U.S.C. 1227(a)(2)

(a)(iii),1229b(a)(3),(b)(1)(c). An aggravated felony includes"a crime of

violence(as defined in[18 U.S.C. 16]...For which the term of imprisonment

[is] at least a year."1101(a)(43)(f). Section 16 definition of a crime

of violence, 16(b)-residual clause defines a crime of violence"as any

offense that is a felony and that, by it's nature, involves a substantial

risk that physical force against the person or property of another may

be used in the course of committing the offense.Relying on <u>Johnson</u>,the

Ninth Circuit held that 16(b) as incorporated into the "INA,was also un-

constitutionally vague.

Mr.Nafis is an "Bangladeshi" national who pleaded guilty to violating laws of the United States.In the Rule 11(c) plea agreement,paragraph 6 it states that"the defendant recognizes that pleading guilty to 18 U.S.C. 2332a(a), removal is presumptively mandatory."Mr.Nafis entered the United States lawfully on a student visa on January 2012, and by pleaing to a charge that is considered a crime of violence 18 U.S.C. 2332a(a) under the definition of 16(b) which was found to be vague by the United States Supreme Court,Mr. Nafis'plea, sentence, and conviction is invalid and deemed unconstitutional.

In the Presentence Investigation Report paragraph 52: it states Base offense level for 18 USC 2332a(a)(2) is U.S.S.G. 2k1.4. The cross-reference at 2k1.4(c)(1) instructs that if the offense was intended to cause death or serious bodily injury,apply the most analogous guideline from chapter 2, part A. As the offense involved the premeditated attempted killing of numerous individuals,the most analogous guideline is U.S.S.G. 2A2.1(a)(1)(attempted murder).As the offense would have constituted first degree murder, the base offense level is 33,per U.S.S.G. 2A2.1(a)(1). 33.

After the United States Supreme Court decision in "Johnson"(2015) stating that 924(e)|| 924(c)(3)(b), residual clause was found to be unconstitutionally vague|| in every U.S.S.G. manual thereafter(2016,2017,2018) the guideline statue"2k1.4"has been removed from the guidelines.
In the Presentence Investigation Report, paragraph 52: since the abragation of U.S.S.G. 2k1.4 cross reference instructions, under 1B1.3 Relevant conduct would be the appropriate vehical to cure the remedy.(Factors that determine the guideline range) 6. (A) Definition of Harm-"Harm that includes bodily injury, monetary loss, property damage and any resulting harm.

(2)

(B)<u>Risk or danger of Harm</u>-"If the Offense guideline includes creating a risk or danger of harm as a specific offense characteristic,whether that risk or danger was created is to be considered in dertermining the offense level.<u>See,e.g.</u> 2k1.4(arson,property damage by use of explosives);If however, the guideline refers only to harm sustained use(<u>e.g.</u> 2A2.2(Aggravated Assault), where the base offense level starts at 14. Because USSG 2k1.4 has been abrogated, it is only right that Mr.Nafis be resentenced  under USSG 2A2.2(aggravated assault).

Mr Nafis is charged with an attempt to use a weapon of mass destruction, to prove attemp, the goverment must establish beyond a reasonable doubt that the defendant"(a) had the intent to commit the object crime and (b) engaged in conduct amounting to a substantial step towards it's commission."<u>United States v. Farhane</u>, <u>634 F.3d 127</u>,145(2d cir.2011). [F]or a defendant to have taken a'substantial'step;he must have engaged in more than "mere preparation, but may have stopped short of the last act necessary for the actual commission of the substantive crime.<u>United States v. Cela</u>,<u>649 F.3d 162</u>,171(2d cir. 2011(quoting <u>United States v. Yousef</u>,<u>327 F.3d 56</u>, 134 (2d cir. 2003). Nafis conviction should be vacated on the grounds that as early as July 15, 2012 the undercover agent had firsthand knowledge from me that I had made terrorist threats and that I had an extremist ideology, which in all actuallity was probable cause to arrest me. In the initial stages my intent was to go to Syria to fight on behalf of the suffering women & children who are being starved, raped, and murdered. An undercover agent of the (FBI) ,"Kareem" changed my whole frame of thinking and manipulated me into wanting to do a terror attack here in the United States of America, when I had no such intent. It was under coercion of the undercover (FBI) agent"Kareem" that the idea was planted in my mind to blow up the "Federal Reserve Bank". I never

(3)

learned where to aquire a bomb, or bomb making materials,rather real or fake. It was the undercover agent "Kareem" who had firsthand knowledge this. I have no knowledge on how to assemble a bomb, and I don't know how to drive a car or truck, because I've never had  .

The unconstitutional error affecting this crime is that it is lacking a 'corpus delicti' because there is no fact of a specific loss or injury sustained, e.g., death of a victim or burning of a building.There is no proof of the'corpus delicti' evidence of the crime, and there was not an act to meet every element of criminality that is certain that a prohibited act was committed, or result accomplished.Thus Mr.Nafis is asking that his conviction and sentence be vacated because of the violation of the corpus delicti rule.

Nafis' counsel was ineffective under 18 U.S.C. 3006A-adequate representation of defendants, for allowing him to plea guilty to a charge that was capital by nature and in it's  statute carries the death penalty to  proceed without the representation of two  attorneys. Under 18 USC 3599-counsel for financially unable defendants,(a)(1)-Notwithstanding any other provision of law to the contrary, in every criminal action in which a defendant is charged with a crime which may be punishable by death, a  defendant who is or becomes financially unable to obtain adequate representation or investigative,expert, or other reasonably necessary services at any time either--

> (A) before judgment; or

> (B) after the entry of a judgment imposing a sentence of
>     death but before the execution of that judgement;shall
>     be entitled to the appointment of one or more attorneys
>     and the furnishing of such others services.

For an ineffective assistance claim, a defendant(1) "must demonstrate that[his] counsel's performance"fell below an objective standard of

(4)

reasonableness in light of prevailing professional norms"and (2)"affirm-atively prove prejudice arising from counsel's alledgedly deficient rep-resentation." United States v. Cohen, 427 F.3d 164,167, (2d cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 688,693, 104 S.Ct.2052, 80 L.Ed. 2d 674(1984).

Mr. Nafis was prejudiced by counsel's deficient performance because during the pre-trial era of the case, counsel never went over any discovery material with the defendant, never went to alledge scene of the crime to corroborate any and all allegations that the prosecution was presenting.

## CONCLUSION

Mr. Nafis is asking this court to vacate his conviction and sentence due to violations of his 4th, 5th, 6th, and 8th amendments of the United States Constitution. Mr. Nafis is also asking this court to grant him an evidentiary hearing as to the allegations of ineffective assistance of counsel. Mr. Nafis is also asking this court to grant him any other relief deemed fit under the law of this court.

Respectfully Submitted,

Date: August 27, 2018

*Quazi Mohammad Rezwanul Ahsan Nafis*

Quazi Mohammad Rezwanul Ahsan Nafis

# 81710-053

FCI Edgefield; PO BOX 725

Edgefield, S.C. 29824

(5)

## CERTIFICATE OF SERVICE

I Declare under the penalty of perjury Title 28
USC 1746, that the following information is
true and correct./s/_____Quazi Mohammad Rezwanul Ahsan Nafis_____

That a copy of the aforementioned motion was sent to the following

parties: The United States District Court For The Eastern District of

New York; 225 Cadman Plaza East; Brooklyn, New York 11201

United States Attorney, Eastern District of New York;

225 Cadman Plaza East; Brooklyn, New York 11201

Date:___August 27, 2018_____

(6)

